(No. 3443—

VICTOR EICKOLZ, CLETIS YATES, DOROTHY YATES, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1940.*

ROBERT H. CHASE, for claimants.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimants herein allege that on October 12, 1939, Victor Eickolz was the owner of a certain Ford truck which was then and there being driven on an Illinois public highway described as U. S. Highway No. 45. That the owner's employee Cletis Yates was driving the car and was accompanied by his wife Dorothy Yates.

That an employee of the Illinois Division of Highways, named Ralph Snyder, was driving a State Highway truck and was engaged in attempting to pull another truck onto the highway; that in disregard of his duties Ralph Snyder negligently drove the State trucks onto the highway in such a manner as to obstruct both lanes of travel without warning to other trucks and cars, and that as a result, Cletis Yates, while in the exercise of due care drove the Eickolz truck over

the brow of a hill and struck the State trucks, resulting in damage to the Eickolz truck in the purported sum of $435.00 and personal injuries and damages to Cletis Yates in the sum of $200.00, and personal injuries and damages to Dorothy Yates in the sum of $200.00 plus an additional claim of $52.00 for medical expense.

The Attorney General has filed a motion to dismiss the demand of each of said claimants, for the reason that it is predicated upon an alleged liability of respondent for the negligent action of an employee of the State.

Respondent's contention is correct. The doctrine of respondeat superior does not apply to the State, and in the absence of a statutory provision the State is not liable for the negligence or misconduct of its officers, agents or employees. *Schultz* vs. *State,* 9 C. C. R. 96; *Kelly* vs. *State,* 9 C. C. R. 339; *Crank* vs. *State,* 9 C. C. R. 379.

In the exercise of its governmental functions, the State is not liable for the negligence of its servants or agents in the absence of a statute making it thus liable. *Baumgart* vs. *State,* 8 C. C. R. 220.

This court has had occasion to hold many times that the State in the construction and maintenance of its hard-surfaced highways is engaged in a governmental function. The employee in question is alleged to have been operating one of the State highway trucks at the time of the injury complained of. No award can properly be entered against the State for his alleged negligence. This does not relieve him from any tort liability for which he individually might be liable. The motion of the Attorney General is allowed and the claim as to each of said claimants is dismissed.